SUMMARY ORDER
Joint debtors-appellants Robert and Cathleen Novak appeal from the order of the United States District Court for the Eastern District of New York (Nina Gershon, Judge) dismissing as untimely the Novaks’ appeal from the order of the United States Bankruptcy Court for the Eastern District of New York (Stan Bernstein, Bankruptcy Judge). We affirm.
The Novaks initiated the underlying bankruptcy case by filing a voluntary joint Chapter 7 petition in 1993; the case was converted to Chapter 11 in 1996. The appellee, Teitelbaum, Braverman & Borges, P.C. (“TBB”), was appointed by court order on June 12, 1996, to represent the Novaks in connection with their bankruptcy case and did so until December 30, 1996, when a Chapter 11 reorganization plan was confirmed. TBB subsequently applied to the bankruptcy court for an award of fees and costs, and on January 26, 1999, after a contested hearing, the bankruptcy court issued a fee order awarding TBB slightly less money than it had requested. The Novaks appealed, and on June 5, 2001, Judge Gershon vacated the fee order and remanded the case to the bankruptcy court for reconsideration. On remand, Judge Bernstein thoroughly reviewed the record and held an additional evidentiary hearing on September 13, 2002. On October 29, 2002, Judge Bernstein issued and entered an order awarding $27,603.00 in fees and $1,173.70 in costs. The Novaks now appeal this order.
Under Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal is untimely unless filed “within 10 days of the date of the entry of the judgment, order, or decree appealed from.” Thus the Novaks faced a filing deadline, calculated in accordance with Federal Rules of Bankruptcy Procedure 8002(a) and 9006(a), of November 8, 2002. They did not file their notice of appeal, however, until November 12, 2002 — four days too late. Although a bankruptcy court may extend the time for filing a notice of appeal if an extension is requested in accordance with Federal Rule of Bankruptcy Procedure 8002(c), the Novaks made no such request. Because the Novaks’ notice of appeal was untimely, the district court dismissed the appeal for want of jurisdiction. The district court’s decision, which we review de novo, was correct. See Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 758 (2d Cir.1981) (recognizing that failure to file a timely notice of appeal deprives the district court of jurisdiction to hear a bankruptcy appeal); U.S. ex rel. McAllan v. City of New York, 248 F.3d 48, 54 (2d Cir.2001) (recognizing that filing deadlines must be enforced).
We have considered all of the Novaks’ arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.